UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN RAFIQ OGLU KARIMOV, Petitioner, v. FERETI SEMAIA, et al., Respondents. | Case No. 5:26-cv-04804-SSC<br><br>MEMORANDUM AND ORDER GRANTING CONDITIONAL RELEASE |

On August 22, 2026, Petitioner Elvin Rafiq Oglu Karimov, through counsel, filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California. (*Id.* at 2.)

[1] Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

The petition alleges the following facts. Petitioner presented for inspection at the San Ysidro Port of Entry on April 9, 2024, pursuant to an appointment scheduled through the CBP One application. (*Id.* at 2, 12.) U.S. Customs and Border Protection inspected him, issued him a Notice to Appear, and paroled him into the United States pursuant to INA § 212(d)(5), 8 U.S.C. § 1182(d)(5), with a Form I-94 reflecting class of admission "DT" and a parole period through April 7, 2026. (*Id.* at 2, 12–13.) Since that time, he has lived continuously in California. (*Id.* at 2, 13.) He complied with his scheduled check-in appointments and other requirements. (*Id.*) On November 27, 2024, he applied for asylum and for withholding of removal. (*Id.*) He also obtained employment authorization. (*Id.*) Petitioner has no criminal convictions, but he has a pending misdemeanor driving-under-the-influence matter that is based on a July 24, 2026 citation. (*Id.* at 3, 13.)

On August 13, 2026, Petitioner appeared for his scheduled Immigration and Customs Enforcement appointment, at which he was arrested without a judicial warrant, prior notice that the Department of Homeland Security (DHS) was revoking his release, any notice terminating his parole, a statement of reasons, or any opportunity to contest whether his re-detention was warranted. (*Id.* at 4, 14.) No neutral decisionmaker has ever found that he is a danger to the community or a flight risk. (*Id.*)

The petition raises four claims: (1) that the application of § 1225(b)(2) rather than § 1226(a) to Petitioner unlawfully mandates his continued detention and violates the Immigration and Nationality Act; (2) that revocation of Petitioner's release without notice or a neutral decisionmaker violates procedural due process; (3) that the application of § 1225(b)(2) to bar Petitioner from release or from

receiving a bond hearing before an immigration judge is arbitrary, capricious, and not in accordance with law, and as such, it violates the Administrative Procedure Act; and (4) that the seizure and continued retention of Petitioner's employment authorization document without any process violates the Due Process Clause of the Fifth Amendment. (*Id.* at 15–17.) Petitioner seeks release, among other relief, including costs and attorney's fees under the Equal Access to Justice Act.[2] (*Id.* at 18–19.)

In their short answer, Respondents do not address the petition's legal claims directly. (ECF 7 at 1–2.) They assert that "the government may detain a non-citizen during his removal proceedings, release him on bond, or release him on conditional parole." (*Id.* at 2.) They oppose release and argue that relief, if any, should be a bond hearing. (*Id.* at 1.) Respondents also provide further factual information. They assert that Petitioner's I-213 (attached to the answer) reflects that Enforcement and Removal Operations arrested Petitioner on August 13, 2026, following a review of his immigration records because he had two recent arrests in July 2026 (disorderly conduct on July 9 and driving under the influence on July 24) and had failed to report to his scheduled kiosk check-in on August 3, 2026. (*Id.* at 2.) They also attach a

---

[2] To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

warrant for Petitioner's arrest issued/signed on the day of his detention. (ECF 7-1 at 4.)

They also state that "[t]o the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." (*Id.* at 3.) And further that "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (*Id.*) Petitioner did not file a reply.

The Court finds the matter suitable for disposition without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

Both parties identify Petitioner as detained under § 1226(a) and therefore eligible for a bond hearing. (ECF 1 at 10; ECF 7 at 1–2.) Based on that combined with Respondents' failure to oppose the substantive of Petitioner's asserted statutory and constitutional

violations, the Court construes the § 2241 petition as unopposed legally and unopposed as to relief in the form of a bond hearing.[3]

Petitioner, however, argues for a different form of relief, arguing that only release can cure his harms. The Court disagrees. The facts and nature of the violation here militate in favor of a conditional order of release in the form of a bond hearing before an immigration judge. Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases).

Further, Petitioner appears to base his request for release at least in part on his assertion that "[b]ecause *Matter of Yajure Hurtado* has been applied to bar bond for persons whom DHS designates as

---

[3] Petitioner asserts that he was allowed into the country under a grant of humanitarian parole but that his current detention is governed by § 1226(a). (ECF 1 at 4, 11, 15). Respondents do not address this legal argument, and also rely on § 1226(a) in their briefing in claiming that Petitioner is eligible for a bond hearing. (ECF 7 at 1–2.) "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

applicants for admission, any application for release before the agency is effectively foreclosed, and resort to the immigration court would be futile" and that "Petitioner's only avenue for relief from his unlawful detention is this Court." (ECF 1 at 14–15.) However, the Ninth Circuit recently decided *Rodriguez Vazquez v. Bostock*, which held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th 1160, 1165 (9th Cir. 2026). The case involved a class of unadmitted noncitizens present in the United States. *Id.* at 1169–70. Thus, to the extent Petitioner is contending that he is being erroneously detained under § 1225(b) pursuant to *Matter of Yajure Hurtado*, and thus his release on bond is foreclosed absent the Court ordering his release, that argument is not persuasive.

Lastly, although the relief in *Rodriguez Vasequez* was declaratory, the Ninth Circuit also explained that "[a] § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Id.* at 1167. Therefore, the Court imposes that standard here.

Accordingly, the Court exercises its discretion to issue a conditional order of release requiring a bond hearing as described below. A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to re-detain Petitioner and whether Petitioner is entitled to bond. If Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals.

# ORDER

**IT IS ORDERED** that:

1. Respondents are enjoined from continuing to detain Petitioner Elvin Rafiq Oglu Karimov (A# 244-479-347) unless no later than **September 18, 2026**, he is provided with an individualized bond hearing under 8 U.S.C. § 1226(a), unless Petitioner requests an extension of that time.
2. Respondents shall file a status report no later than **October 2, 2026**, regarding Respondents' compliance with this order and identifying the outcome of the bond hearing, if one was provided, and/or whether Petitioner requested an extension of time.
3. Judgment will enter separately after receipt of the status report.

DATED: September 11, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE